IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 18-cv-1848-RBJ

KEN WILLIAMS,

    Plaintiff,

v.

INNOVAGE, and
CAROLINE THOMAS

    Defendants.

---

ORDER DENYING REMAND

---

Ken Williams is an employee of InnovAge, apparently a corporation. Caroline Thomas is another InnovAge employee. Plaintiff alleges that on February 23, 2018 Ms. Thomas, a white female, filed a complaint with the company's HR department falsely claiming that he, an African American male, had inappropriately touched her in the workplace. Mr. Williams denied the charge and sought to file his own complaint against Ms. Thomas with HR but was not allowed to do so, nor did the company investigate the matter or discipline Ms. Thomas.

Mr. Williams alleges that in April 2018 Ms. Thomas filed a second complaint against Mr. Williams, this time falsely claiming that he blocked a doorway of a room she was attempting to leave. He alleges that the company again refused to take disciplinary action against Ms. Thomas.

Mr. Williams, through counsel, then filed this lawsuit in the Denver District Court. Claims One and Two are Title VII claims against InnovAge for racial discrimination and retaliation. Claim Three is a common law tort claim against InnovAge for negligent supervision of Ms. Thomas. Claims Four through Seven are common law tort claims against Ms. Thomas

1

for defamation, intentional infliction of emotional distress, outrageous conduct and sexual harassment. ECF No. 2.

InnovAge removed the case to this Court under 28 U.S.C. §§ 1441 and 1446. Federal subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1367. Having done so, InnovAge then moved to remand plaintiff's four claims against Ms. Thomas to the state court. InnovAge explains that it properly removed the entire case pursuant to 28 U.S.C. § 1441(c)(1)(B) (permitting removal of an "entire case" including claims not with the court's original or supplemental jurisdiction), but it wants the Court to sever and remand the claims against Ms. Thomas pursuant to 28 U.S.C. § 1441(c)(2) which provides, "[u]pon removal of an action described in paragraph (1) the district court shall sever from the action all claims described in paragraph 1(B) and shall remand the severed claims to the State court from which the action was removed." ECF No. 13. Plaintiff opposes a partial remand, arguing that his claims against Ms. Thomas are within the Court's supplemental jurisdiction. ECF No. 19. InnovAge has filed a reply. ECF No. 20.

**FINDINGS and CONCLUSIONS**

It is undisputed that this Court has original jurisdiction over Claims One and Two under 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction over Claim Three under 28 U.S.C. § 1367. It is also undisputed that the case was timely removed, and that the motion to remand was timely under 28 U.S.C. § 1447(c). The only dispute is whether the state law claims against Ms. Thomas, a non-diverse party, are within the Court's supplemental jurisdiction.

The Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, the

gist of the claims against Ms. Thomas is that she falsely reported two acts of sexual harassment in the workplace to her employer, InnovAge. The claims against InnovAge are that it improperly failed to investigate Ms. Thomas's claims and to discipline her for making them. The claims are plainly interrelated, and I find that they form part of the same case or controversy. Accordingly, they fit within this Court's supplemental jurisdiction. The Court could decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) as a matter of discretion. However, I do not find that any of the four conditions listed there applies. On the contrary, remanding just the claims against Ms. Thomas would create obvious inefficiencies for the state court and the parties. InnovAge and Ms. Thomas might be willing to endure the extra time and costs that would result, but plaintiff is not.

**ORDER**

InnovAge's motion to remand, ECF No. 13, is DENIED.

DATED this 29th day of October, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge